

# IN THE
## TENTH COURT OF APPEALS

### No. 10-16-00081-CR

### EX PARTE BILLY MACK MADDISON

**From the 19th District Court
McLennan County, Texas
Trial Court No. 2014-1607-C1A**

## DISSENTING OPINION

The trial court determined that Texas Penal Code 33.07 was unconstitutional. I believe that decision is well founded on United States and Texas Court of Criminal Appeals precedent by which this Court is bound. There is no reason to belabor the legal points upon which I base my analysis. The decisions by the Court of Criminal Appeals, the supreme court of crime in Texas, in *Ex Parte Thompson* and *Ex Parte Lo* and the United States Supreme Court in *Texas v. Johnson* set out the appropriate framework and cases that should be used to guide us to an affirmance of the trial court. *See Tex. v. Johnson*, 491 U.S. 397, 109 S. Ct. 2533, 105 L. Ed. 2d 342 (1989); *Ex parte Thompson*, 442 S.W.3d 325 (Tex.

Crim. App. 2014; *Ex parte Lo*, 424 S.W.3d 10 (Tex. Crim. App. 2013). We should use *Ex Parte Lo* as the template for the analysis in this appeal.

The Court's error primarily results from the determination that the statute is content neutral. It is not. That error then leads to the improper level of scrutiny and the inverse placement of the burden of proof to prove the statute's constitutionality.

Because you must look to the content of the speech, or into the mind of the speaker (intent), to determine if the statute is violated, the prohibited speech is properly characterized as content based. As just one simple example, support in favor of a political candidate would not be prohibited under the statute although it showed a photo of the candidate and was made to appear to be posted by the candidate, even though it was not. On the other hand, a negative political ad posted on a web site or sent over the internet without the candidate's approval would fall within the prohibition of the statute.[1]

The statute sweeps clearly protected political and expressive speech within its prohibition. But you have to look at what is said and how it is said to determine if it is prohibited by the statute. That makes it a content based impairment of speech. Content based impairment of speech is presumed invalid and thus must withstand strict scrutiny.

---

[1] And if you really want to try and untie a Gordian knot, consider a photograph of a candidate with a caption under it that says, "I vote for life." Whether the creator of the web page or email intends to help or hurt the candidate can depend upon what else is presented on the page to attract traffic or to whom such an email might be sent.

The proponent of the restriction must establish its validity. The State did not.[2]

The trial court's ruling should be affirmed. Because the Court reverses the trial court and holds the statute is constitutional, I respectfully dissent.


TOM GRAY
Chief Justice


Dissenting opinion issued and filed April 26, 2017
Publish



---

[2] I recognize that two courts of appeals as well as two justices on this Court have determined that this is not a "content-based" prohibition on speech. *See State v. Stubbs*, 502 S.W.3d 218 (Tex. App.—Houston [14th Dist.] 2016, pet. ref'd) and *Ex parte Bradshaw*, 501 S.W.3d 665 (Tex. App.—Dallas 2016, pet. ref'd). I get that impersonations to make negative comments about another is particularly difficult to control on social media; but that is not a justification to prohibit speech. Is the same speech acceptable if it is made under a pseudonym rather than impersonating a real person? What if the pseudonym is being used without permission to hide the identity of the person behind the "speech?" Finally, what if there is nothing but a photo presented? Would you not have to look at the photo, the content, to determine if it violated the statute because it was "harmful?"